**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
ml@kazlg.com
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VACCARO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>TRI-STATE ADJUSTMENTS, INC.,<br><br>Defendants. | Case No.: '13CV0039 L   JMA<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

///
///
///
///
///

# INTRODUCTION

1. DAVID VACCARO ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of TRI-STATE ADJUSTMENTS, INC. and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

3. Similarly, California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

///

///

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of Defendants, a company incorporated in the State of Wisconsin and principal place of business in La Crosse, Wisconsin. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a company whose principal place of business is in La Crosse, Wisconsin and State of Incorporation is Wisconsin. Defendant has a policy and practice of recording telephone conversations, including cellular telephone conversation, with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

///
///
///
///
///

**FACTUAL ALLEGATIONS**

8. Defendant is, and at all times mentioned herein was, a professional corporation. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

9. At all times relevant, Plaintiff was an individual residing within the State of California.

10. Since November 2012, Plaintiff had numerous telephone communications with certain employees, officers and/or agents of Defendant.

11. Specifically, on November 26, 2012, Plaintiff contacted Defendant by cellular telephone in order to inquire about an alleged debt that Defendant was attempting to collect from Plaintiff. After speaking with Defendant for a period of time, including discussions of Plaintiff's personal financial information, home address, and social security number, Plaintiff inquired as to whether the conversation was being recorded and Defendant responded for the first time that Defendant records <u>all</u> calls between Defendant and consumers.

12. During each of these conversations with Defendant, Plaintiff discussed highly personal and private financial information that Plaintiff had not openly discussed with others.

13. Plaintiff had no reasonable expectation that any of Plaintiff's telephone conversations with Defendant would be recorded due to the private subject matter being discussed.

14. Plaintiff was shocked to discover that such a confidential communication was being recorded by Defendant without Plaintiff's knowledge or consent since Plaintiff was discussing an alleged debt that Plaintiff had not openly discussed with others.

15. Plaintiff found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

16. Had Plaintiff been warned at the outset that Plaintiff's November 26, 2012 cellular telephone communication with Defendant was being recorded, Plaintiff would not have engaged in said telephonic communication.

17. Each of these conversations with Plaintiff, were without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff. Prior to Plaintiff's query on the matter, Plaintiff was never informed that Plaintiff's telephone calls were being recorded. At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

18. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

19. Plaintiff is informed and believes, and thereon alleges that from the beginning of 2011 to the present, Defendant has installed and/or caused to be installed certain recording equipment in its employees' or agents' telephone lines. Defendant uses these devices to record each and every telephone conversation on said telephone lines.

20. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

21. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class") and ("The Sub-Class").

23. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound and outbound telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

24. Furthermore, Plaintiff represents, and is a member of, "The Sub-Class" defined as follows: "All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

25. Defendant, and its employees and agents are excluded from The Class and The Sub-Class. Plaintiff does not know the number of members in The Class and The Sub-Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and The Sub-Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class and The Sub-Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of The Class and The Sub-Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class and The Sub-Class can be identified through Defendant's records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording incoming and/or outgoing calls;
   b. Whether Defendant has a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;
   c. Whether Defendant discloses to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;
   d. Whether Defendant's policy of recording outgoing calls constituted a violation of California Penal Code §§ 632(a); and, 637.

  e. Whether Defendant's policy of recording outgoing calls to cellular telephones constituted a violation of California Penal Code § 632.7

  f. Whether Plaintiff, The Class and The Sub-Class were damaged thereby, and the extent of damages for such violations; and

  g. Whether Defendants should be enjoined from engaging in such conduct in the future.

29. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

30. Plaintiff is asserting claims that are typical of The Sub-Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

31. Plaintiff will fairly and adequately represent and protect the interests of The Class and The Sub-Class in that Plaintiff has no interest antagonistic to any member of The Class and The Sub-Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

32. Plaintiff and the members of The Class and The Sub-Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class and The Sub-Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class and The Sub-Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

33. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class and The Sub-Class members in individually controlling the prosecution of separate claims against Defendant is small

because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to The Class and The Sub-Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class and The Sub-Class as a whole.

## First Cause Of Action

### Invasion of Privacy: Violation of Penal Code § 632

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

37. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

38. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

39. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

40. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

41. At no time during which these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

42. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

43. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

44. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

///

///

**SECOND CAUSE OF ACTION**

**INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

47. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

48. As before, Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

49. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

50. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Sub-Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

51. Based on the foregoing, Plaintiff and the members of The Sub-Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2

52. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Sub-Class seek recovery of their attorney's fees

pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, The Class and The Sub-Class members the following relief against Defendant:

53. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

54. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

55. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Sub-Class;

56. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Sub-Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

57. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

58. For exemplary or punitive damages;

59. For costs of suit;

60. For prejudgment interest at the legal rate; and

61. For such further relief as this Court deems necessary, just, and proper.

///
///
///
///

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 7, 2013

                                      **KAZEROUNI LAW GROUP, APC**

                        By:  /s Abbas Kazerounian
                                  ABBAS KAZEROUNIAN, ESQ.
                                     ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705